UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24460-PCH

BABIECA CAPITAL, LP,

          Plaintiff,

v.

MORDECHAI COHEN, et al.,

          Defendants.

_____/

## NON-PARTY EDWARD J. MCCORMICK, P.A.'S MOTION FOR A PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Non-Party Edward J. McCormick, P.A. ("McCormick"), through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), (d)(3)(A)(iii) and (iv), and (e)(2)(A), and Local Rule 7.1(a)(1), submits its Motion for a Protective Order and Incorporated Memorandum of Law, and states:

1.      On December 18, 2024, Plaintiff Babieca Capital, L.P. ("Babieca") served McCormick with a subpoena. The Court entered an order quashing the subpoena on due process and notice grounds, but without prejudice to it being reissued [DE # 82]. On March 10, 2025, Babieca served McCormick with a revised subpoena (the "Subpoena"), a copy of which is attached as Exhibit "A." McCormick timely served his objection and responses, a copy of which is attached Exhibit "B."

2.      As set forth in Exhibit "B," the bulk of what McCormick possesses is sensitive and confidential business, financial, and in some instances, attorney-client privileged, materials belonging to McCormick's clients non-parties Joel Vigo, and Vigo's entities 7345 Pinecrest LLC ("7345 Pinecrest"), and JV Sunny Isles, LLC ("Sunny Isles") (the two, the "Vigo Entities"), and defendant Juliana Builes ("Builes"). All have been

placed on notice and are filing their own motions for a protective order with respect to the Subpoena. None has provided McCormick with permission to provide any responsive materials to Babieca. McCormick will produce what the Court orders based on the Court's rulings on their motions. McCormick asks that if materials are ordered redacted or a privilege log is required, that the Court order Babieca to pay for such.

3.  As for McCormick itself, a handful of Babieca's requests call for the production of several hundred emails with a third-party real estate broker involved in two separate transactions, and then for any document mentioning him at all, which is unmanageable with costly compliance. Builes apparently is filing a motion to prevent this production as well.

4.  Next, McCormick exchanged limited emails with Builes' counsel in this case in the last 30 days concerning what McCormick possesses concerning Builes that is responsive to the Subpoena, and transmitting such for review by her counsel for potential production. The Subpoena asks for those as well, which McCormick does not believe are discoverable under Rule 26(b)(1).

5.  Finally, several requests ask for communications between McCormick and Vigo and/or the Vigo Entities. All are privileged on their face and would require extraordinary effort and time to review and to prepare a privilege log for those which are protected from disclosure by the attorney-client privilege. Vigo and the Vigo Entities are filing their own motion for a protective order. If the Court rules that these materials are discoverable under Rule 26(b)(1) such that a review and preparation of a privilege log are necessary, McCormick seeks 30 days from any such ruling to provide a privilege log and that the costs of such be shifted to Babieca.

WHEREFORE Non-Party Edward J. McCormick, P.A. prays this Honorable Court will enter an order staying any production of materials that are the subject of motions for a protective order from Joel Vigo, 7345 Pinecrest LLC, JV Sunny Isles, LLC, and/or Juliana Builes until the Court has ruled on those motions, ordering no production of any emails between McCormick and Builes' counsel in this case regarding McCormick's materials responsive in this case and transmitting them to Builes' counsel, ordering Babieca to narrow the requests concerning the real estate broker, and ordering Babieca to pay for any redactions, review, privilege logs, or searches, to extend the time for the preparation of any privilege log, and for such other relief as the Court orders, and will enter its order accordingly.

### **MEMORANDUM OF LAW**

A.  Motion for Protective Order Legal Standards

Discovery under the Federal Rules of Civil Procedure is governed by the principle of proportionality.  Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Proportionality requires counsel and the Court to consider if relevant information is discoverable in view of the needs of the case.  The Court must "consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."  Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment.

The other side of the coin is Rule 26(c), which allows the court for "good cause,"

to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1); *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). As the party seeking a protective order, McCormick must provide the Court with "good cause" for the protection sought. Fed. R. Civ. P. 26(c). "Good cause" has been defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

   B.  McCormick does not possess responsive materials to several requests.

McCormick has no responsive materials for Nos. 2, 6, and 11. As has been represented many times, McCormick did not handle the closing from 7345 Pinecrest LLC to Builes, which documents are requested in Request Nos. 6. McCormick has limited materials responsive to Request No. 5 relating to this closing, which is addressed below. Babieca has since subpoenaed that closing agent [DE #88] which should moot Requests Nos. 5-6. Babieca understands McCormick's position and will address the motions for a protective order filed by Builes, and Vigo and the Vigo Entities.

   C.  McCormick has responsive documents relating to current clients and Builes.

Financial Materials

Babieca's Subpoena asks for the production of sensitive and confidential financial and business information and materials for defendant Builes (Request Nos. 5, 7), and non-party current clients 7345 Pinecrest (Request Nos. 3, 4, 5) and JV Sunny Isles (Request Nos. 8, 9, 10). None has authorized McCormick to produce these materials. Builes, 7345 Pinecrest and JV Sunny Isles are filing their own motions for a protective order. McCormick will provide whatever the Court orders produced, if anything. McCormick

asks that if redactions or review beyond anything cursory is required by the Court, that the Court order Babieca to pay those related costs and attorneys' fees. Rule 45(d)(1) imposes on the issuer of a subpoena an affirmative duty to avoid imposing undue burden or expense on a non-party. *See also* Fed. R. Civ. P. 45(d)(2)(B)(ii) (an order to compel production must protect any person who is not a party or an officer of a party from significant expense resulting from compliance). Babieca has responded that if some or all of these materials are ordered produced against the motions for protective order, Babieca will address those costs with McCormick at that time.

<u>Communications</u>

Babieca's Subpoena asks for the production of communications between McCormick and Builes (Request No. 12), and with clients Vigo (Request No. 16), 7345 Pinecrest LLC (Request No. 13), and JV Sunny Isles, LLC (Request No. 14). None has authorized McCormick to produce these materials. Builes will file her own motion as to the discoverability of her communications under Rule 26(b)(1) for Request No. 12.

Facially, these request with respect to Vigo, 7345 Pinecrest and JV Sunny Isles (Nos. 13, 14, and 16) invade the attorney-client privilege and may not even meet the proportionality standards for discoverability under Rule 26(b)(1). Vigo, 7345 Pinecrest LLC, and JV Sunny Isles, LLC will be filing their own motion for a protective order.

McCormick will provide whatever of these materials the Court orders, if anything, but asks that if a review (hundreds of emails exist) is necessary and/or the preparation of a privilege log, that the Court order Babieca to pay McCormick's attorneys' fees and costs for doing so under Rule 45(d)(1) and 45(d)(2)(B)(ii). McCormick also asks the Court for an extension of time to prepare a privilege log for 30 days following entry of any order

requiring such.   Babieca does not oppose this extension.   As for the rest, Babieca has responded that if some or all of these materials are ordered produced against the motions for protective order, Babieca will address those costs with McCormick at that time.

     D.   <u>McCormick himself seeks protection for the remaining requests.</u>

 Request No. 1 asks for McCormick's communications with any counsel for the Defendants in this case.   The only responsive materials are a handful of emails between McCormick and counsel for Builes in this case, in February of 2025, concerning what materials McCormick has that were responsive to Babieca's first subpoena dated December 18, 2024 and transmitting such to her counsel for review for potential production or partial production.   Such post-lawsuit communications concerning the mechanics of production between a non-party holding documents with the owner of those documents concerning handling a subpoena have no bearing on any allegations of Babieca's complaint on the merits and fail the proportionality standards of Rule 26(b)(1).   Babieca disagrees.

Request Nos. 15, 17, 18, and 19 ask for support for an affidavit McCormick prepared for Paul Buelvas, who sometimes is called Pablo Puelvas, in connection with a closing, communications between McCormick and Buelvas, and finally "documents referencing Buelvas."   First, Builes is apparently filing a motion for a protective order for these requests.   Buelvas is a real estate broker who was involved in the sale of the two properties at issue relating to 7345 Pinecrest and JV Sunny Isles.   McCormick has several hundred emails with Buelvas, which is routine for these closings.   While Babieca contends that Buelvas has helped the defendants in their efforts to place money beyond Babieca's reach, such does not relate to his communications as a broker with McCormick on certain sales.   Babieca disagrees.

<u>Local Rule 7.1(a)(2) Certificate of Conference</u>

McCormick has conferred with Babieca on these matters in a good faith attempt to address, narrow, or resolve them.  The results of such are set forth above in the analysis of the requests at issue, but the parties have not been able to resolve the matters.

**Dated: March 26, 2025**

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
Attorneys for Edward J. McCormick, PA
P.O. Box 266196
Weston, FL 33326
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

Exhibit "A"

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| BABIECA CAPITAL, LP | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:24-cv-24460 |
| MORDECHAI COHEN et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                        Edward J. McCormick, P.A.
                        c/o G. Steven Fender, Esq.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit "A."

| Place:  Remotely via Zoom or other technology | Date and Time:  April 15, 2025 at 10:00 a.m. |
|---|---|
| | or at a mutually agreed upon date and time. |

The deposition will be recorded by this method:    stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A."

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___March 10, 2025___

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | */s/ Carlos Osorio* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
  Babieca Capital LP
_____ , who issues or requests this subpoena, are:

Carlos F. Osorio, Esq., cosorio@osoriointl.com , Osorio Internacional, P.A. at 175 SW 7th St., Ste. 1800, Miami, FL 33130 (305) 900 4103   **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:24-cv-24460

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

1.      "You," "Your" or "EJM" means EDWARD J. MCCORMICK, P.A. and its employees, officers, managers, subsidiaries, affiliates, principals and agents including Edward J. McCormick, Jr., Esq.

2.      "Documents" and "Records" mean paper, physical and electronic records.

3.      "Communication" means the paper and electronic transmission of information.

4.      "Babieca" means Babieca Capital, L.P.

5.      "Cohen" means MORDECHAI COHEN and includes any fictious names or aliases and includes all persons/entities acting on behalf, or under the control, of Cohen.

6.      "Builes" means JULIANA BUILES a/k/a July Builes and includes any fictious names or aliases and includes all persons/entities acting on behalf, or under the control, of Juliana.

7.      "Account" (whether capitalized or not) means any personal or business checking, savings, investment, brokerage, certificate of deposit, money market, line of credit, loan, safety deposit box or credit account.

8.      "Pinecrest Property" means the real property located at 7345 SW 96th Street, Pinecrest, Florida 33156, Folio No.: 20-5002-049-0030.

9.      "Aventura Condo" means the real property located at 330 Sunny Isles Blvd., Unit 5-603, Sunny Isles Beach, Florida 33160, Folio No.: 31-2214-044-2010.

10.      "Regarding," "relating to," or "reflecting" shall mean referring to, pertaining to, being part of, sent to or from, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, connected, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions.

11.     All requests seek Documents in your possession, care, custody or control.

12.     This is a continuing demand requiring supplemental responses in the event that You become aware of further responsive information, which comes into Your actual or constructive possession, custody, or control, after the date hereof.

13.     This Subpoena seeks Documents from **January 1, 2022 through the present date**.

## DOCUMENT REQUESTS

1.     All communications between You and any and all counsel for the Defendants in this matter.

2.     All attorney engagement agreements with any or all of the Defendants in this matter.

3.     Guaranties, security agreements, financing instruments, escrow letters, proof(s)of funds, escrow ledger, affidavits, form 8300, response to a geographic targeting order, and resolutions for the purchase of the Pinecrest Property by 7345 Pinecrest LLC. This request does not seek documents prepared on behalf of 7345 SW 96th Street LLC.

4.     Copies of all documents evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the purchase of the Pinecrest Property by 7345 Pinecrest LLC, including, without limitation, escrow deposits, wire transfer records/confirmations, wire advices, wire memos, copies of canceled checks, money orders, certified checks, despot slips, account receipts, and escrow ledger. This request does not seek documents showing disbursement of money to 7345 SW 96th Street LLC.

5.     A complete copy of Your title and closing file (including a copy of the sale and purchase contract/agreement and all addendums and riders, assignments, letters of intent, term sheets, HUD-1/closing statement/closing disclosure, guaranties, security agreements, financing

instruments, escrow letters, proof(s)of funds, escrow ledger, affidavits, form 8300, response to a geographic targeting order,  and resolutions,) for the sale and purchase of the Pinecrest Property by and between 7345 Pinecrest LLC and Builes.

6.      Copies of all documents, including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the sale and purchase of the Pinecrest Property by and between 7345 Pinecrest LLC and Builes, including, escrow deposits, wire transfer records/confirmations, wire advices, wire memos, copies of canceled checks, money orders, certified checks, despot slips, account receipts, and escrow ledger.

7.      Copies of all documents, including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You by or on behalf of Builes, including escrow deposits, wire transfer records/confirmations, wire advices, wire memos, copies of canceled checks, money orders, certified checks, despot slips, account receipts, and escrow ledgers.

8.      A complete copy of Your title and closing file (including the sale and purchase contract/agreement and all addendums and riders, assignments, letters of intent, term sheets, HUD-1/closing statement/closing disclosure, guaranties, security agreements, financing instruments, escrow letters, proof(s)of funds, escrow ledger, rental ledger, affidavits, form 8300, response to a geographic targeting order,  and resolutions, ) for the sale and purchase of the Aventura Condo between 330 Sunny Isles FL LLC and JV Sunny Isles, LLC.

9.      Copies of all documents, including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the sale and purchase of the Aventura Condo by and between 330 Sunny Isles FL LLC and JV Sunny Isles, LLC, including escrow deposits, wire transfer

3

records/confirmations, wire advices, wire memos, copies of canceled checks, money orders, certified checks, despot slips, account receipts, and escrow ledger.

10.     Copy of the operating agreement, membership schedule and/or membership certificates of JV Sunny Isles, LLC.

11.     Communications by and between You and Cohen during the timeframe herein.

12.     Communications by and between You and Builes regarding the Pinecrest Property.

13.     Communications by and between You and 7345 Pinecrest LLC regarding the Pinecrest Property.

14.     Communications by and between You and JV Sunny Isles, LLC regarding the Aventura Condo.

15.     Communications by and between You and 330 Sunny Isles FL LLC regarding the Aventura Condo.

16.     Communications by and between You and Joel Vigo regarding the Aventura Condo and/or the Pinecrest Property.

17.     Copies of all documents provided to You to support the statements made in the March 14, 2024 affidavit of Paul Buelvas, on behalf of 330 Sunny Isles FL LLC, recorded in Miami Dade County property recorder book: 34179, page: 2476-2477.

18.     Communications between you and Paul Buelvas a/k/a Pablo Puelvas regarding the Aventura Condo. and/or the Pinecrest Property.

19.     Documents referencing Paul Buelvas a/k/a Pablo Puelvas regarding the Aventura Condo. and/or the Pinecrest Property.

Exhibit "B"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:24-cv-24460-PCH

**BABIECA CAPITAL, LP,**

         **Plaintiff,**

**v.**

**MORDECHAI COHEN, et al.,**

         **Defendants.**

_____/

### EDWARD J. MCCORMICK, P.A.'S OBJECTIONS AND RESPONSES TO SUBPOENA OF BABIECA CAPITAL, LP DATED MARCH 10, 2025

Non-Party Edward J. McCormick, P.A. ("McCormick"), through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), submits its Objections and Responses to Subpoena of Babieca Capital, LP ("Babieca") dated March 10, 2025 ("Subpoena").

### I.       General Objection

McCormick objects to the Subpoena to the extent that it calls for the production of financial or otherwise sensitive, confidential, or personal information of either parties to this action, or non-parties who are not accused of any wrongdoing in Babieca's Complaint and Demand for Jury Trial ("Complaint"). Where noted, McCormick will respond when it has such materials and will allow those parties and non-parties to file motions for protective orders concerning the Subpoena. McCormick will produce whatever the Court may order or that these parties and/or non-parties agree to with Babieca.

### II.       Specific Requests and Responses

1.       All communications between You and any and all counsel for the Defendants in this matter.

<u>Response:</u>  McCormick exchanged a handful of emails with counsel for Juliana Builes ("Builes") in February 2025 concerning and transmitting what McCormick had in its possession relating to Builes that was responsive to Babieca's prior subpoena to McCormick issued on December 18, 2024 so that counsel for Builes could make a decision as to whether McCormick could produce the materials, or some subset that Builes and Babieca agreed upon. The mechanics of transmitting a former client's materials to a current attorney and related communications as to

whether they may be produced in response to a subpoena is bereft of anything concerning the allegations of wrongdoing in Babieca's Complaint and are therefore not discoverable under Rule 26(b)(1).

2.      All attorney engagement agreements with any or all of the Defendants in this matter.

Response:  None.

3.      Guaranties, security agreements, financing instruments, escrow letters, proof(s) of funds, escrow ledger, affidavits, form 8300, response to a geographic targeting order, and resolutions for the purchase of the Pinecrest Property by 7345 Pinecrest LLC.  This request does not seek documents prepared on behalf of 7345 SW 96th Street LLC.

Response:  Subject to and without waiving the foregoing General Objection, of the above, McCormick only has escrow letters, escrow ledger, and affidavits, but nothing else from the list. 7345 Pinecrest LLC will be filing its own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.  If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for its and its counsel time for doing so.

4.      Copies of all documents evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the sale and purchase of the Pinecrest Property by 7345 Pinecrest LLC, including, without limitation, escrow deposits, wire transfer records/confirmation, wire advices, wire memos, copies of cancelled checks, money orders, certified checks, deposit slips, account receipts, and escrow ledger.  This request does not seek documents showing disbursement of money to 7345 SW 96th Street LLC.

Response:  Subject to and without waiving the foregoing General Objection, McCormick handled this closing and has material responsive to this request as to 7345 Pinecrest LLC, which McCormick represented in the closing as an attorney.  The materials sought contain sensitive and confidential financial information of 7345 Pinecrest LLC, which has not authorized McCormick to produce such to Babieca.  7345 Pinecrest LLC will be filing its own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.  If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for its and its counsel time for doing so.

5.      A complete copy of Your title and closing file (including a copy of the sale and purchase contract/agreement and all addendums and riders, assignments, letters of intent, term sheets, HUD-1/closing statement/closing disclosure, guaranties, security agreements, financing instruments, escrow letters, proof(s) of funds, escrow ledger, affidavits, form 8300, response to geographic targeting order, and resolutions), for the sale and purchase of the Pinecrest Property by and between 7345 Pinecrest LLC and Builes.

Response:  Subject to and without waiving the foregoing General Objection, McCormick did not handle this closing.  The closing agent requested that McCormick prepare the deed and mortgage, which have been provided to Babieca and which are a matter of public record. Additionally, McCormick has the purchase and sale agreement, a resolution of 7345 Pinecrest, and the loan package relating to the mortgage that he provided to the closing agent.  7345 Pinecrest LLC will be filing its own motion for a protective order with respect to these materials as to the resolution.  Builes will be filing a motion for a protective order as to the entire production. McCormick will comply with any order of the Court.  If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for its and its counsel time for doing so.  Babieca has recently issued a subpoena to the closing agent which can produce the bulk of these materials.

6.      Copies of all documents, including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the sale and purchase of the Pinecrest Property by and between 7345 Pinecrest LLC and Builes, including escrow deposits, wire transfer records/confirmations, wire advices, wire memos, copies of canceled checks, money orders, certified checks, deposit slips, account receipts, and escrow ledger.

Response: McCormick did not handle this closing and does not have these materials. Babieca has recently issued a subpoena to the closing agent which can produce these materials.

7.      Copies of all documents, including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You by or on behalf of Builes, including escrow deposits, wire transfer records/confirmation, wire advices, wire memos, copies of cancelled checks, money orders, certified checks, deposit slips, account receipts, and escrow ledgers.

Response:  Subject to and without waiving the foregoing General Objection, McCormick has responsive materials from Builes' sales of a home in Boca Raton, Florida.  The materials

sought contain sensitive and confidential financial information of Builes, who has not authorized McCormick to produce such to Babieca. Builes will be filing her own motion for a protective order with respect to these materials. McCormick will comply with any order of the Court. If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for its and its counsel's time for doing so.

8.      A complete copy of Your title and closing file (including the sale and purchase contract/agreement and all addendums and riders, assignments, letters of intent, term sheets, HUD-1/closing statement/closing disclosure, guaranties, security agreements, financing instruments, escrow letters, proof(s) of funds, escrow ledger, rental ledger, affidavits, form 8300, response to geographic targeting order, and resolutions, for the sale and purchase of the Aventura Condo between 330 Sunny Isles FL LLC and JV Sunny Isles, LLC.

Response:  Subject to and without waiving the foregoing General Objection, McCormick handled this closing as attorney for JV Sunny Isles, LLC and has the closing file. The closing file does not contain any form 8300 or response to a geographic targeting order. The materials sought contain sensitive and confidential financial information of JV Sunny Isles, LLC, which has not authorized McCormick to produce such to Babieca. JV Sunny Isles, LLC will be filing its own motion for a protective order with respect to these materials. McCormick will comply with any order of the Court. If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for his and his counsel time and costs for doing so.

9.      Copies of all documents including wire transfer instructions, evidencing any assets, funds, or other sums of money transferred to or by You and/or held in escrow or in trust by You in connection with, or related to, the sale and purchase of the Aventura Condo by and between 330 Sunny Isles FL LLC and JV Sunny Isles, LLC, including escrow deposits, wire transfer records/confirmation, wire advices, wire memos, copies of cancelled checks, money orders, certified checks, deposit slips, account receipts, and escrow ledger.

Response:  See Response to Request No. 8.

10.      Copy of the operating agreement, membership schedule and/or membership certificates of JV Sunny Isles, LLC.

Response:  Subject to and without waiving the foregoing General Objection, JV Sunny Isles, LLC is a client of McCormick. JV Sunny Isles, LLC does not consent to McCormick

producing these materials and is filing its own motion for a protective order.  McCormick will comply with any order of the Court.

11.     Communications by and between You and Cohen during the timeframe herein.

Response:  None.

12.     Communications by and between You and Builes regarding the Pinecrest Property.

Response:   Subject to and without waiving the foregoing General Objection, McCormick has emails with Builes regarding the Pinecrest Property.  Builes will be filing her own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.  If a partial or redacted production is ordered, McCormick seeks an award of attorneys' fees for its and its counsel time for doing so.

13.     Communications by and between You and 7345 Pinecrest LLC regarding the Pinecrest Property.

Response:  McCormick represented 7345 Pinecrest LLC in its acquisition of the Pinecrest Property and those communications are accordingly protected from disclosure by the attorney-client privilege and are voluminous (hundreds).  7345 Pinecrest Property LLC will be filing its own motion for a protective order.  McCormick will comply with any order of the Court.  If a comprehensive review, privilege log, or redactions are required to comply with any such order, McCormick will seek any award of its attorneys' fees and its counsel's for doing so.

14.     Communications by and between You and JV Sunny Isles, LLC regarding the Aventura Condo.

Response:  McCormick represented JV Sunny Isles, LLC in its acquisition of the Aventura Condo and those communications are accordingly protected from disclosure by the attorney-client privilege and are voluminous (hundreds).  JV Sunny Isles, LLC will be filing its own motion for a protective order.  McCormick will comply with any order of the Court.  If a comprehensive review, privilege log, or redactions are required to comply with any such order, McCormick will seek any award of its attorneys' fees and its counsel's for doing so.

15.     Communications by and between You and 330 Sunny Isles FL LLC regarding the Aventura Condo.

Response:  See Response to Request No. 18 below.

16.     Communications by and between You and Joel Vigo regarding the Aventura Condo and/or the Pinecrest Property.

Response:  Joel Vigo is a client of McCormick and is the principal of JV Sunny Isles, LLC and 7345 Pinecrest LLC.  These communications are accordingly protected from disclosure by the attorney-client privilege and are voluminous (many hundreds and for two entities and a person).  Joel Vigo will be filing his own motion for a protective order.  McCormick will comply with any order of the Court.  If a comprehensive review, privilege log, or redactions are required to comply with any such order, McCormick will seek any award of its attorneys' fees and its counsel's for doing so.

17.     Copies of all documents provided to You to support the statements made in the March 14, 2024 affidavit of Paul Buelvas, of 330 Sunny Isles FL LLC, recorded in Miami Dade County property recorder book: 34179, page: 2476-2477.

Response:  McCormick has an email chain with an unsigned basic operating agreement and the formation papers for 330 Sunny Isles FL LLC from Delaware, which are public record.  Builes will be filing her own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.

18.     Communications by and between You and Paul Buelvas a/k/a Pablo Puelvas regarding the Aventura Condo and/or the Pinecrest Property.

Response:  Subject to and without waiving the foregoing General Objection, responsive materials are voluminous (several hundred), as with any closing.  Request No. 18 covers two closings.  McCormick asks that Babieca narrow this request or pay McCormick's attorneys' fees and costs for compiling and producing these materials.  Builes will be filing her own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.

19.     Documents referencing Paul Buelvas a/k/a Pablo Puelvas regarding the Aventura Condo and/or the Pinecrest Property.

Response: See Responses to Request No. 13-16, and 18.  Request No. 19 is unmanageable on its face as it covers many hundreds of emails, many of which are between McCormick and one of more of his clients and are therefore privileged.  McCormick asks that Babieca withdraw Request No. 19 and focus on making Request No. 18 manageable.  Builes will be filing her own motion for a protective order with respect to these materials.  McCormick will comply with any order of the Court.

**Dated: March 26, 2025**

                                                 **FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
Attorneys for Edward J. McCormick, PA
P.O. Box 266196
Weston, FL 33326
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com